# KORSINSKY & KLEIN, LLP

**2926 Avenue L**
**Brooklyn, New York 11210**

---

**TEL: (212) 495-8133**
**WWW.KKLAWFIRM.COM**

*PARTNERS:*
MICHAEL KORSINSKY, ESQ*                        SAMUEL DIAMANTSTEIN, ESQ*
JOSEPH KLEIN, ESQ., CPA*                            KEREN G. BIRNBAUM, ESQ.
                                                                     ADAM M. BIRNBAUM, ESQ.**

*COUNSEL:*
DANIEL J. LIEBERMAN, ESQ.                                * Admitted in NY & NJ
                                                                        ** Admitted in NY and MA

January 11, 2019

**VIA ECF**

Magistrate Judge James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 11D South
Brooklyn, New York 11201

         Re:      ***Scripts Wholesale, Inc. v. Mainspring Distribution LLC and Edvin Ovasapyan***,
                   **Case No. 1:18-cv-06612-DLI-JO**

Dear Judge Orenstein:

        We represent the Plaintiff, Scripts Wholesale, Inc. ("Scripts"), in the above-referenced proceeding.

        On December 17, 2018, we received a request from Jason Canales, Esq., counsel for the defendants herein, for our consent to seek an extension of the 20-day time to file an answer. Mindful that Mr. Canales had just been retained the previous day, we agreed to consent to the request for an extension of time, which Your Honor granted on December 19, 2018. We are now in receipt of Mr. Canales' letter, dated January 8, 2019, wherein he gives notice of his intention to seek a stay of this matter pending the outcome of an unrelated criminal case, *United States v. Ovasapyan et al.,* Case No. 3:18-cr-00533-RS (N.D.Cal) (the "Criminal Action").

## Applicable Law Concerning Stays

        The granting of a stay in a civil case while criminal charges are pending is not automatic; it is an "extraordinary remedy" available only when the defendant is able to demonstrate "substantial prejudice" in the absence of a stay. *Abraham v. Aquilone*, No. 11 Civ. 5947(KBF), 2012 U.S. Dist. LEXIS 70205, 2012 WL 1820869, at *1-2 (S.D.N.Y. May 15, 2012). Second Circuit precedent is clear that a court "may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action." *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (internal quotations omitted) (quoting *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1372, 202 U.S. App. D.C. 345 (D.C. Cir. 1980)). When a defendant is confronted with related criminal and civil actions, courts have sometimes found that a stay is warranted in order to protect the civil defendant against being forced to face "the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012).

## Korsinsky & Klein, LLP

Magistrate Judge James Orenstein
*Scripts Wholesale, Inc. v. Mainspring Distribution LLC et. al.*
January 11, 2019
Page 2 of 4

The Constitution does not mandate a stay when a civil defendant also faces a criminal case, even when the cases are related. See *Louis Vuitton*, 676 F.3d at 100-01 (finding that it was not error to deny a stay even if some "factors […] would have supported the entry of a stay"); *Abraham*, 2012 U.S. Dist. LEXIS 70205, 2012 WL 1820869, at *1 ("that a defendant might have to exercise his Fifth Amendment right against self-incrimination does not, alone, cause such 'substantial prejudice'" that the granting of a stay is mandatory). "[A] stay is not constitutionally required whenever a litigant finds himself facing the dilemmas inherent in pursuing civil litigation while being the subject of a related criminal investigation." *Parker v. Dawson*, 2007 U.S. Dist. LEXIS 63068, *10 (E.D.N.Y. 2007), *quoting Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 575 (S.D.N.Y 2001) (internal quotes and citations omitted).

In this Circuit, a non-exhaustive list of test factors helps the courts to determine whether a stay should be granted. These are:

> "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."

*Louis Vuitton*, 676 F.3d at 99 (quoting *Trs. of Plumbers v. Transworld Mechanical*, 886 F. Supp. 1134, 1139 (1995)). These factors should not be employed reflexively, but rather the court may make a "studied judgment as to whether the civil action should be stayed on the particular facts before it." *Louis Vuitton*, 676 F.3d at 99. Particularly where the issues in the two actions do not completely overlap, a stay need not be granted. *Abraham*, 2012 U.S. Dist. LEXIS 70205, 2012 WL 1820869, at *2 (denying a stay where the standard of proof in parallel civil and the criminal actions differed), and "the Constitution does not mandate a stay even when a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Doe v. City of New York*, 2018 U.S. Dist. LEXIS 209704, *13 (E.D.N.Y. 2018) *quoting Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

### There is Little , if any, Overlap Between This Matter and the Criminal Action

As Your Honor is no doubt aware, at the time the Complaint in this matter was filed, the Criminal Action docket was sealed, and the Plaintiff had no information concerning the contents of the indictment or the allegations contained therein. The Criminal Action docket has since been unsealed, and an examination of the indictment (attached as Exhibit A to Mr. Canales' letter) reveals that while the individual defendant in this action, Edvin Ovasapyan, is also named as a defendant in the Criminal Action, there is no other correspondence between this matter and the Criminal Action which would justify a stay.

The Complaint primarily alleges breach of contract for sale of goods. The Plaintiff advanced certain sums of money for the purchase of wholesale pharmaceuticals which were never delivered. The Plaintiff seeks a return of the monies advanced, which as alleged in the Complaint total $4,828,062.00. While the indictment in the Criminal Action includes allegations of wire fraud and money laundering, these are restricted to relatively small amounts ($42,000.00 and $15,000.00 respectively) connected to an alleged scheme to conceal the source of wholesale pharmaceuticals sold by the Defendants therein. The indictment in the Criminal Action is, in fact, almost entirely concerned with this alleged scheme.

# Korsinsky & Klein, LLP

Magistrate Judge James Orenstein
*Scripts Wholesale, Inc. v. Mainspring Distribution LLC et. al.*
January 11, 2019
Page 3 of 4

The Complaint herein has nothing to say about any scheme to defraud, and makes no allegations whatsoever concerning the source or authenticity of any pharmaceutical products. There are no fraud allegations in this action. The Complaint concerns only money advanced for the purchase of certain products which Scripts Wholesale never received. The causes of action in the Complaint plead (practically speaking) several alternative theories of recovery for the same sums. The sole material facts in this case are whether the Plaintiff actually paid the sums alleged, whether the Defendant Mainspring ever shipped the goods paid for, and whether Mainspring and Mr. Ovisapyan maintained correct accounting procedures for the funds Mainspring held on Scripts' behalf.

While the Complaint does allege a breach of fiduciary duty, this is wholly unconnected to the charges listed in the indictment, and it is axiomatic that "[n]ot every breach of a fiduciary duty works a criminal fraud." *United States v. George*, 477 F.2d 508 (7th Cir.), *cert. denied*, 414 U.S. 827 (1973). The fraud alleged in the Criminal Action concerns, again, concealing and misrepresenting the true origins of pharmaceuticals. This has no connection to the breaches asserted herein.

### The Defendant's Claims that he will be Unable to Defend This Action are Purely Speculative

To the extent that the Defendant alleges he will be unable to defend this action because Defendant Mainspring's computers and records have been seized, his motion is premature and speculative. In cases where seizures interfere with the conduct of discovery in civil matters, the district court can "offer assistance in securing the documents that had supposedly been seized by the government in the criminal prosecution." *Louis Vuitton Malletier*, 676 F.3d at 102. There is no reason that the Defendant should require a stay at this early juncture because of the unavailability of records. If, after discovery schedules have been set, the Defendants are unable to retrieve their records and the Court is unable to lend assistance in that retrieval, then perhaps a stay might be warranted. At this stage, however, when no discovery schedule has been established and no answer has been filed, this request is premature.

Should such a need arise, and should the Defendant invoke their Fifth Amendment rights or claim some specific prejudice arising from the ongoing criminal proceeding, the court can nonetheless protect the Defendants' interests by narrowly tailored relief, e.g., imposition of partial stays, protective orders, etc.

### The Plaintiff's Rights are Significantly Damaged by Delay

In addition to the risk that expenses occasioned by defense of the Criminal Action itself will leave the Plaintiff with a judgment which it cannot collect, *see Sterling*, 175 F. Supp. 2d at 579, the Plaintiff is also incurring significant additional damages by the mere passage of time. The sums advanced to the Defendants herein were made using corporate credit card accounts, and one of the creditors has thus far refused the Plaintiff's demand for a charge-back. The Plaintiff will incur disastrous interest fees and penalties should a complete stay be imposed.

While the Plaintiff appreciates that collection of any judgment may be complicated by the conditions of Mr. Ovasapyan's bail and other orders in the Northern District of California freezing the Defendants' assets, that is a matter for the Plaintiff to resolve with the appropriate court and not a concern of the Defendants' that should mandate the imposition of a stay. If anything, the balance tips in the other direction – a judgment finding that the Plaintiff is entitled to a specific fund from the Defendants' assets would bolster any eventual 853(n) ancillary proceeding, should one arise.

# KORSINSKY & KLEIN, LLP

Magistrate Judge James Orenstein
*Scripts Wholesale, Inc. v. Mainspring Distribution LLC et. al.*
January 11, 2019
Page 4 of 4

**Conclusion**

      For the reasons cited above, the Plaintiff requests that the Defendants' request for a stay be denied. Further, the Plaintiffs ask that the deadline for the Defendants to answer the Complaint, already extended on consent, be left in place pending the scheduling of a pre-motion conference or a motion briefing schedule, should the Court be inclined to set one.

Respectfully,

**KORSINSKY & KLEIN, LLP**

*/s/ Michael Korsinsky*_____
By: Michael Korsinsky
*Attorneys for Plaintiff Scripts Wholesale, Inc.*

cc:    Jason Canales, Esq. (via ECF)
         *Attorney for Defendants*