IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCRIPTS WHOLESALE, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAINSPRING DISTRIBUTION LLC and EDVIN OVASAPYAN, <br><br> Defendants. | Case No.: 1:18-cv-06612-DLI-JO <br><br> **ANSWER OF DEFENDANT EDVIN OVASAPYAN** |

Defendant Edvin Ovasapyan ("Mr. Ovasapyan"), by his undersigned attorneys, Moses & Singer LLP, answers the Complaint of the Plaintiff as follows:

1. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 as stated.

2. Mr. Ovasapyan admits that Defendant Mainspring Distribution LLC ("Mainspring") is a Pennsylvania limited liability company that had a principal place of business at 569 Abbott Drive, Broomall, Pennsylvania, 19008.

3. Mr. Ovasapyan admits that he was the individual and managing member of Mainspring from October 2014 through July 2018. He further admits that he is a resident of California with his last known address at 10380 Wilshire Boulevard, Los Angeles, California 90024. Mr. Ovasapyan otherwise denies the allegations in Paragraph 3 as stated.

4. Paragraph 4 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan admits that this Court has federal diversity jurisdiction over this matter.

5. Paragraph 5 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan admits that the Defendants are not residents of

the same state, and admits that he arranged for the sale and delivery of goods directed toward the State of New York. Mr. Ovasapyan otherwise denies the allegations in Paragraph 5 as stated.

6. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 as stated.

7. Mr. Ovasapyan denies the allegations of Paragraph 7 as stated.

8. Mr. Ovasapyan denies the allegations of Paragraph 8 as stated.

9. Mr. Ovasapyan admits to having a conversation with Mr. Diamantstein in or around July 2018 but lacks sufficient knowledge or information to form a belief as to the truth of the exact statements he purportedly made during the conversation. As such, Mr. Ovasapyan denies the allegations in Paragraph 9 as stated.

10. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 10 as stated.

11. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 11 as stated.

12. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 as stated.

13. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13 as stated.

14. Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 14, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a federal crime.

15. Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 15, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a federal crime.

16. Paragraph 16 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan denies the allegations of Paragraph 16 as stated.

17. Paragraph 17 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan denies the allegations of Paragraph 17 as stated.

18. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 as stated.

19. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 as stated.

20. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 as stated.

21. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 as stated.

22. Paragraph 22 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan denies the allegations of Paragraph 22 as stated.

23. Paragraph 23 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan denies the allegations of Paragraph 23 as stated.

24. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 as stated.

25. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 as stated.

26. Paragraph 26 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 as stated.

27. Paragraph 27 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27.

28. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 as stated.

29. Paragraph 29 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 as stated.

30. Paragraph 30 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 as stated.

31. Paragraph 31 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 31, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a federal crime.

32. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32 as stated.

33. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 33 as stated.

34. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 as stated.

35. Paragraph 35 asserts a legal conclusion for which no response is required. To the extent a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 35, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a federal crime.

36. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36 as stated.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Mr. Ovasapyan and without conceding that Mr. Ovasapyan has the burden of proof on any of the following defenses, to the extent they are not determined to be affirmative defenses, Mr. Ovasapyan asserts the following defenses and affirmative defenses to the Complaint.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the doctrines of unclean hands, waiver, and/or estoppel.

2. The parties did not form the contract alleged by the Plaintiff and, to the extent one was formed, it is too indefinite to be enforceable.

3. Plaintiff's claims are barred because at all times the Defendants were acting in good faith and with legal justification for their actions.

4.	Plaintiff's claims are barred by the doctrines of frustration of purpose, impracticability, and/or impossibility.

5.	Further performance by the Defendant should be excused to the extent that performance under the contract, if enforceable, became illegal.

6.	Defendant reserves the right to amend or to further plead any other defenses or to pursue any counterclaims that may become known to Defendant through discovery.

## **PRAYER**

WHEREFORE, Defendant prays as follows:

1.	For dismissal of Plaintiff's Complaint with prejudice;
2.	For a judgment in favor of Defendant and against Plaintiff;
3.	For costs of suit incurred herein; and
4.	For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 22, 2019

Respectfully submitted,

By: _____
Jason Canales, Esq.
Michael Rosenberg, Esq.
MOSES & SINGER LLP
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 554-7800
jcanales@mosessinger.com
mrosenberg@mosessinger.com