IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCRIPTS WHOLESALE, INC. and LIEB PHARMACY, INC.<br><br>                        Plaintiff,<br><br>v.<br><br>MAINSPRING DISTRIBUTION LLC and EDVIN OVASAPYAN,<br><br>                        Defendants. | Case No.: 1:18-cv-06612-DLI-JO<br><br>**ANSWER OF DEFENDANT EDVIN OVASAPYAN TO AMENDED COMPLAINT** |

Defendant Edvin Ovasapyan ("Mr. Ovasapyan"), by his undersigned attorneys, Moses & Singer LLP, answers the Amended Complaint of the Plaintiffs as follows:

1. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 as stated.

2. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 as stated.

3. Mr. Ovasapyan admits that Defendant Mainspring Distribution LLC ("Mainspring") is a Pennsylvania limited liability company that had a principal place of business at 569 Abbott Drive, Broomall, Pennsylvania, 19008.

4. Mr. Ovasapyan admits that he was the individual and managing member of Mainspring from October 2014 through July 2018. He further admits that he is a resident of California with his last known address at 10380 Wilshire Boulevard, Los Angeles, California 90024.

5. Paragraph 5 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan admits that as alleged, no plaintiff appears to be a citizen of the same state as any defendant.

6. Paragraph 6 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan admits that the Defendants are not residents of the same state, and admits that this action as alleged concerns a purported contract for the sale and delivery of goods directed toward the State of New York.

7. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 as stated.

8. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 as stated.

9. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 as stated.

10. Mr. Ovasapyan denies the allegations contained in Paragraph 10 as stated.

11. Mr. Ovasapyan denies the allegations contained in Paragraph 11 as stated.

12. Mr. Ovasapyan admits to having a conversation with Mr. Diamantstein in or around July 2018 but lacks sufficient knowledge or information to form a belief as to the truth of the exact statements he purportedly made during the conversation. As such, Mr. Ovasapyan denies the allegations in Paragraph 12 as stated.

13. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 13 as stated, except admits that documentary evidence produced in this case to date suggest that certain monies were transferred by Scripts to Mainspring between August 1, 2018 to October 31, 2018.

14. Mr. Ovasapyan denies the allegations contained in Paragraph 14 as stated.

15. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 as stated.

16. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 as stated.

17. Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 17, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

18. Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 18, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

19. Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 19, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

20. Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 20, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

21. Mr. Ovasapyan provides no response to the allegations contained in Paragraph 21 as they are directed solely toward Defendant Mainspring.

22. Mr. Ovasapyan provides no response to the allegations contained in Paragraph 22 as they are directed solely toward Defendant Mainspring.

23. Mr. Ovasapyan provides no response to the allegations contained in Paragraph 23 as they are directed solely toward Defendant Mainspring.

24. Mr. Ovasapyan provides no response to the allegations contained in Paragraph 24 as they are directed solely toward Defendant Mainspring.

25. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 as stated.

26. Mr. Ovasapyan denies the allegations contained in Paragraph 26 as stated.

27. Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 27, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

28. Paragraph 28 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan denies the allegations of Paragraph 28 as stated.

29. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 as stated.

30. Mr. Ovasapyan provides no response to the allegations contained in Paragraph 30 as they are directed solely toward Defendant Mainspring.

31. Mr. Ovasapyan provides no response to the allegations contained in Paragraph 31 as they are directed solely toward Defendant Mainspring.

32. Mr. Ovasapyan provides no response to the allegations contained in Paragraph 32 as they are directed solely toward Defendant Mainspring.

33. Mr. Ovasapyan provides no response to the allegations contained in Paragraph 33 as they are directed solely toward Defendant Mainspring.

34. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 as stated, except admits that documentary evidence produced in this case to date suggests that certain monies were transferred by Scripts to Defendant Mainspring.

35. Paragraph 35 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35 as stated.

36. Mr. Ovasapyan denies that he was an officer of Mainspring during the relevant time period, and invokes his Fifth Amendment right against self-incrimination in response to the remaining allegations of Paragraph 36, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

37. Paragraph 37 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 37 as stated.

38. Paragraph 38 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38 as stated.

39. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 39 as stated.

40. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 40 as stated.

41. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 41 as stated.

42. Paragraph 42 asserts a legal conclusion for which no response is required. To the extent a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 42, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

43. Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 43 as stated.

44. Paragraph 44 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44 as stated.

45. Paragraph 45 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45 as stated.

46. Paragraph 46 asserts a legal conclusion for which no response is required. To the extent a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 46, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

47. Paragraph 47 asserts a legal conclusion for which no response is required. To the extent a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 47, which seeks to elicit answers that

may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

48. Paragraph 48 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 48, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

49. Paragraph 49 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 49, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

50. Paragraph 50 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 50, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

51. Paragraph 51 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 51 as stated.

52. Paragraph 52 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 52, which seeks to elicit answers that

may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

53. Paragraph 53 asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53 as stated.

54. Paragraph 54, including subparts (1) and (2), asserts a legal conclusion for which no response is required. To the extent that a response is required, Mr. Ovasapyan invokes his Fifth Amendment right against self-incrimination in response to the allegations of Paragraph 54, which seeks to elicit answers that may incriminate Mr. Ovasapyan, whether directly, in ambiguous circumstances, or by providing a link in the chain of evidence needed to prosecute him for a crime.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Without admitting any wrongful conduct on the part of Mr. Ovasapyan and without conceding that Mr. Ovasapyan has the burden of proof on any of the following defenses, to the extent they are not determined to be affirmative defenses, Mr. Ovasapyan asserts the following defenses and affirmative defenses to the Complaint.

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. The Complaint, and each claim purported to be alleged therein, is barred in whole or in part, by the doctrines of unclean hands, waiver, and/or estoppel.

3. The parties did not form the contract alleged by the Plaintiff and, to the extent one was formed, it is too indefinite to be enforceable.

4. Plaintiffs' breach of contract claim is barred by the Statute of Frauds.

5. Plaintiffs' claims are barred to the extent that the transactions and/or occurrences set forth in their Complaint involved illegality.

6. Plaintiffs' claims are barred to the extent that they have failed to mitigate their damages.

7. Plaintiffs' claims are barred by the doctrine of *in pari delicto.*

8. Plaintiffs' claims are barred because at all times the Defendants were acting in good faith and with legal justification for their actions.

9. Plaintiffs' claims are barred by the doctrines of frustration of purpose, impracticability, and/or impossibility.

10. Further performance by the Defendant should be excused to the extent that performance under the contract, if enforceable, became illegal.

11. Defendant reserves the right to amend or to further plead any other defenses or to pursue any counterclaims that may become known to Defendant through discovery.

## **PRAYER**

WHEREFORE, Defendant prays as follows:

1. For dismissal of Plaintiffs' Complaint with prejudice;
2. For a judgment in favor of Defendant and against Plaintiffs;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 16, 2019

Respectfully submitted,

By: _____
Jason Canales, Esq.
Michael Rosenberg, Esq.
MOSES & SINGER LLP
405 Lexington Avenue
New York, NY  10174
Telephone: (212) 554-7800
jcanales@mosessinger.com
mrosenberg@mosessinger.com

9