# KORSINSKY & KLEIN, LLP
**2926 Avenue L**
**Brooklyn, New York 11210**

———

**TEL: (212) 495-8133**
**WWW.KKLAWFIRM.COM**

PARTNERS:
MICHAEL KORSINSKY, ESQ*                                   SAMUEL DIAMANTSTEIN, ESQ*
JOSEPH KLEIN, ESQ., CPA*                                  MARC ILLISH, ESQ..
                                                          ADAM M. BIRNBAUM, ESQ.**

COUNSEL:
DANIEL J. LIEBERMAN, ESQ.                                 * Admitted in NY & NJ
                                                          ** Admitted in NY and MA


November 8, 2019

**VIA ECF**

Hon. Dora Irizarry
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Scripts Wholesale, Inc. et ano v. Mainspring Distribution LLC and Edvin Ovasapyan</u>
      Case No. 1:18-cv-06612-DLI-JO

Dear Judge Irizarry,

We represent Plaintiffs Scripts Wholesale, Inc. ("Scripts") and Lieb Pharmacy Inc. ("Lieb") in the above-captioned action. Pursuant to your Honor's Individual Motion Practice and Rules, we write to request a pre-motion conference seeking leave to file a motion for partial summary judgment under Rule 56. This letter summarizes the basis for said motion.

***Summary of the Complaint*** Plaintiffs are wholesale pharmacies. Defendant Mainspring Distribution LLC ("Mainspring") was a supplier of pharmaceuticals to the Plaintiffs. Defendant Edvin Ovasapyan ("Ovasapyan") was a member of Mainspring. The Amended Complaint alleges that the Defendants solicited large advance payments from Plaintiffs for the purchase of wholesale pharmaceutical products. The parties carried on in this manner for a period of time, with the Plaintiffs making advance payments from which Mainspring would deduct the purchase price upon shipment. In 2018, Defendants began soliciting payments in excess of any products shipped to Plaintiffs, with the promise that these larger advance payments would be used to make larger wholesale purchases, resulting in a lower per-unit cost to the Plaintiffs. In actuality, Ovasapyan was diverting those advance payments to other persons and entities not related to the purpose for which the advance payments were solicited and made. Mainspring ceased operations on or about November 8, 2018, with the Plaintiffs' advance payments, amounting to $4,828,062.00, still outstanding. After credits applied subsequent to the commencement of this action, $3,783,062.00 of this amount is still outstanding.

Hon. Dora Irizarry
Page Two

***Plaintiffs are Entitled to Summary Judgment on their Breach of Contract Claim*** Parties entered into an agreement through written letters, notes, text messages, and voice communications, and engaged in a course of performance amounting to an enforceable contract. "Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." Fischer & Mandell, LLP v. Citibank, N.A., 632 F.3d 793, 799 (2d Cir. 2011). The evidence will show that there was an agreement between and among the parties under which the Plaintiffs made advance payments to Mainspring in exchange for a commitment by Mainspring to ship products to Plaintiffs. As there is no actual dispute over the material terms of this agreement, the arrangement manifests an intent to form a contract which is enforceable at New York law, NY UCC 2-204(3), *See* Kleinschmidt Div. of SCM Corp. v. Futuronics Corp., 41 N.Y.2d 972, 973, 363 N.E.2d 701, 395 N.Y.S.2d 151 (N.Y. 1977). There is no dispute that the Plaintiffs made the payments in question, amounting to adequate performance by Plaintiffs. There is likewise no dispute that the Defendants did not make shipments of products corresponding to the outstanding balance, amounting to breach by Defendant Mainspring. The Plaintiffs have thereby been injured in the amount of $3,783,062.00 and are entitled to summary judgment on this cause of action.

***In the Alternative, Plaintiffs are Entitled to Summary Judgment on their Unjust Enrichment Claim*** At New York law, to prevail in an action for unjust enrichment the plaintiff must establish: (1) that the defendant benefitted; (2) at the plaintiff's expense; and, (3) that equity and good conscience require restitution. *See, ex.,* Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573 (2d Cir. 2006). In the instant case, the evidence will demonstrate that Mainspring solicited and accepted payments in the amount of $3,783,062.00 from Plaintiffs, that Mainspring benefitted at the Plaintiffs' expense, and that equity requires that the Plaintiffs be made whole. The evidence will also demonstrate that Ovasapyan diverted said funds to his own purposes, unrelated to the purpose for which the payments were made, that Ovasapyan thereby benefited from the payments at the Plaintiffs' expense, and that equity and good conscience should bar him from retaining the benefits of those funds. The Plaintiffs are entitled to summary judgment on this cause of action and ask that the Court impose a constructive trust in the Plaintiffs' favor upon so much of the assets Defendants purchased as can be identified and traced to the misappropriated payments.

***Plaintiffs are Entitled to Summary Judgment on their Claim for Money Had and Received*** At New York law, a claim for money had and received requires that the plaintiff show: (1) defendant received money belonging to plaintiff; (2) defendant benefited from the receipt of the money; and (3) under principles of good conscience defendant should not be allowed to retain that money. Litvinoffv. Wright, 150 A.D.3d 714 (2nd Dept. 2017). The evidence, including a forensic analysis of the Defendants' accounts, will demonstrate that Mainspring and Ovasapyan received $3,783,062.00 belonging to the Plaintiffs, that Defendants benefitted from receipt of said funds, and that the Defendants should not be permitted to retain the benefit. Plaintiffs are thus entitled to restitution in the amount of $3,783,062.00.

***Plaintiffs are Entitled to Summary Judgment on their Claim for Conversion*** "Conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." Colavito v. N.Y. Organ Donor Network, Inc., 8 N.Y.3d 43, 860 N.E.2d 713, 717, 827 N.Y.S.2d 96 (N.Y. 2006). "Where the property is money, it must be specifically identifiable and be subject

Hon. Dora Irizarry
Page Three

to an obligation to be returned or to be otherwise treated in a particular manner." Republic of Haiti v. Duvalier, 211 A.D.2d 379, 626 N.Y.S.2d 472, 475 (1st Dept 1995). In this case, the evidence demonstrates that Plaintiffs established with Mainspring a "specific and identifiable fund" containing the Plaintiffs' advance payments. Mainspring was under an obligation to use the contents of the fund for the purchase of pharmaceuticals and for no other purpose. In violation of the Plaintiffs' rights to the fund, Mainspring and Ovasapyan caused the contents of said fund to become diverted and dissipated for their own purposes and in interference with the Plaintiffs' rights to the fund. The Plaintiffs are thereby entitled to summary judgment on this cause of action in the amount of $3,783,062.00.

***Plaintiffs are Entitled to Summary Judgment on their Claim under New York Debtor & Creditor Law Art. 10 §§ 270 et seq*** New York law establishes two forms of fraudulent conveyances which are relevant to this case. Debtor Creditor Law ("DCL") § 273 applies irrespective of motive or knowledge, and states that "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." It is uncontested that Mainspring, with knowledge of the debt it owed to Plaintiffs, made a conveyance of $3,783,062.00 with no consideration to non-parties ESJ Group LLC ("ESJ") and JPO22, LLC ("JPO22"), rendering Mainspring insolvent and without assets to repay Plaintiffs and entitling Plaintiffs to avoidance of the transfers. DCL § 267 applies in instances where conveyances were made with intent to defraud. Intent may be established by "badges of fraud," which include: "(1) lack or inadequacy of consideration; (2) family, friendship or close associate relationship between the parties; (3) retention of possession, benefit, or use of the property in question; (4) financial condition of the party sought to be charged both before and after the transaction in question; (5) existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties or pendency or threat of suits by creditors; and (6) general chronology of the events and transactions under inquiry." Kittay v Flutie N.Y. Corp. (In re Flutie N.Y. Corp.), 310 B.R. 31, 2004 Bankr. LEXIS 722 (Bankr. S.D.N.Y. 2004). The evidence will demonstrate that every enumerated "badge of fraud" was present in this case. Ovasapyan had knowledge and intent sufficient to mandate summary judgment in Plaintiffs' favor, avoidance of said transfers, and statutory attorneys' fees pursuant to DCL § 276-a.

***Defendants' Affirmative Defenses are Meritless*** Other than bald and conclusory assertions, the evidence does not support *any* of the Defendants' eleven boilerplate affirmative defenses.

For the foregoing reasons, Scripts and Lieb respectfully seek a conference to set a briefing schedule for their motion for summary judgment.

Respectfully,
*/s/ Adam M. Birnbaum*
Adam M. Birnbaum

cc: Counsel of Record (via ECF)