# KORSINSKY & KLEIN, LLP
**2926 Avenue L**
**Brooklyn, New York 11210**

**TEL: (212) 495-8133**
**WWW.KKLAWFIRM.COM**

| PARTNERS: | ASSOCIATES: |
|---|---|
| MICHAEL KORSINSKY, ESQ. * | SAMUEL DIAMANTSTEIN, ESQ.* |
| JOSEPH KLEIN, ESQ., CPA* | ADAM M. BIRNBAUM, ESQ. ** |
|  | MARC ILLISH, ESQ. |
| COUNSEL: | SANDRA DAVERMANN, ESQ.*** |
| DANIEL LIEBERMAN, ESQ. | KENNETH RENOV, ESQ.* |

<u>MANHATTAN OFFICE</u>            * Admitted in NY & NJ
One Penn Plaza, Suite 1920        ** Admitted in NY & MA
New York, New York 10119         *** Admitted in NY & NC

July 7, 2020

The Hon. Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

      Re:     <u>Scripts Wholesale, Inc. v. Mainspring Distribution LLC and Edvin Ovasapyan</u>
              Case No. 1:18-cv-06612-DLI-JO

Dear Judge Irizarry,

     We represent the Plaintiffs Scripts Wholesale, Inc. and Lieb Pharmacy, Inc. (collectively, "Scripts") and we seek leave to respond to the Affidavit of Vahe Ovasapyan (the "Affidavit") that was filed on July 3, 2020 (ECF 54) pursuant to Your Honor's Order to Show Cause dated June 19, 2020. In addition to submitting a response, since discovery in the case has closed, we also seek limited discovery of Mr. Ovasapyan's true residence to resolve the question regarding the court's subject matter jurisdiction.

     The Affidavit and attached exhibits do not sufficiently determine Mr. Ovasapyan's citizenship in New York, thereby warranting limited discovery solely on that question. He claims that "[a]t that time, I did not intend for the [Pennsylvania] Condominium to be my primary residence" and yet admits that "[t]oday, I no longer maintain a residence in New York and I currently reside in the Condominium." This self-serving statement of his supposed intent to remain a New York resident, raised for the first time in the Affidavit, is belied by his actions.

     Interestingly, he secured a New York State Driver's license issued on May 1, 2017 but then had that license voided (see Exhibit B, ECF 54-2, New York License punched **VOID**) and replaced with a Pennsylvania on January 26, 2018 (see Exhibit C, ECF 54-3).  Pennsylvania law requires "All new residents with out-of-state non-commercial driver's licenses [] obtain a PA Driver's License within 60 days of establishing Pennsylvania residency[1]."

---

[1] See, https://www.dmv.pa.gov/Driver-Services/New-Resident-RelocationInformation/New%20Residents/Pages/Info-For-New-Residents.aspx.

Korsinsky & Klein, L.L.P.

The Hon. Dora L. Irizarry<br>
July 7, 2020<br>
Page 2 of 2

Moreover, according to PA Department of Motor Vehicles, the old license, in this case, the New York license, will need to be voided. It is common knowledge that the new state, in this case, Pennsylvania, will hole punch the old license to void, when it issues a new license to a newly relocated resident. Here, the Exhibit B, ECF 54-2, clearly has the holepunches with the word **VOID**. Thus, it clearly appears that Mr. Ovasapyan established residency in Pennsylvania in or around January 2018, well before this proceeding was commenced.

As the Second Circuit held in *Palazzo v. Corio*, 232 F.3d 38 (2d Cir. 2000):

A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332, is a mixed question of fact and law. The legal components of the question are well established. An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.' At any given time, a person has but one domicile. Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change.

To effect a change of domicile, 'two things are indispensable: First, residence in a new domicile; and, second, the intention to remain there. The change cannot be made, except *facto et animo*. Both are alike necessary. Either without the other is insufficient.' Questions as to a person's 'intent to change, or not to change, his domicile from [one state] to [another]' are 'factual' questions. A party alleging that there has been a change of domicile has the burden of proving the 'required . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality,' and must prove those facts 'by clear and convincing evidence.' (internal quotation marks omitted).

The affiant claims New York State was his domicile at the commencement of this action, and Scripts maintains that he was in fact a citizen of and domiciled in Pennsylvania, thereby preserving diversity jurisdiction. However, since this factual issue has been first asserted after the close of discovery, it is warranted to allow Scripts discovery into Mr. Ovasapyan's citizenship to assemble the evidence to meet its evidentiary burden and oppose the claim made in the Affidavit.

We thank you for your consideration of this matter.

Respectfully,
**KORSINSKY AND KLEIN, LLP**

By: */s/ Michal Korsinsky*
Michael Korsinsky

cc: Counsel of Record (via ECF)