IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCRIPTS WHOLESALE, INC. and LIEB PHARMACY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAINSPRING DISTRIBUTION LLC and EDVIN OVASAPYAN, <br><br> Defendants. | Case No.: 1:18-cv-06612-DLI-JRC |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §1332**

CANALES PLLC
*Attorneys for Defendants*
55000 Main Road
Southold, New York 11971
(212) 988-2039
jason@canalespllc.com

**TABLE OF CONTENTS**

Preliminary Statement .................................................................................................................. 1

Relevant Procedural Background ................................................................................................ 1

Facts Relevant to Issue of Diversity Jurisdiction .......................................................................... 4

Argument ...................................................................................................................................... 5

    I.    Vahe Ovasapyan Was A Member of Mainspring on The Filing Date ................................ 6

    II.    The Plaintiffs Have Failed to Clearly and Convincingly Show That on the Date This Action Was Commenced Vahe's Domicile Had Change From New York to Pennsylvania. .... 8

    III.    An Evidentiary Hearing Should Not be Granted. ........................................................... 12

Conclusion ................................................................................................................................. 13

## TABLE OF AUTHORITIES

Cases

*Advani Enterprises, Inc. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) .................... 5

*Bank of India v. Subramanian,* 2007 U.S. Dist. Lexis 35148, *20, 2007 WL 1424668, 06-Civ-2026 (S.D.N.Y. May 15, 2007) ........................................................................................ 12Cor

*Core VCT PLC, v. Hensley,* 89 F.Supp.3d 104, 110 (D.D.C. 2015) ............................................ 11

*Durst v. Siegler,* 2005 U.S. Dist. Lexis 32017, *12, 2005 WL 3358599, 04-CV- 6981 (RMB) (S.D.N.Y. Dec. 7, 2005) .......................................................................................... 9,11

*Galva Foundry Co. v. Heiden,* 924 F. 2d 729, 731 (7th Cir. 1991) ......................................... 2, 11

*Guitierrez v. Fox*, 141 F.3d 425 (2d Cir. 1998) ............................................................................ 9

*Halbritter v. Stonehedge Acquisition Rome II, LLC,* No. 07-CV-3848, 2008 U.S. Dist. Lexis 26042 at *3 (S.D.N.Y. Apr. 2, 2008) .................................................................................. 6, 12

*Handlesman v. Bedford Village Associates, L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) ................... 5

*Herzog v. Herzog*, 333 F.Supp.477,478 (W.D. Pa., 1971) .......................................................... 10

*Lever v. Lyons*, 2018 U.S. Dist. Lexis 1146, Fn 9 (EDNY, Jan. 2, 2018) ................................. 2,11

*Lever v. Lyons*, 2018 U.S. Dist. Lexis 31700 (E.D.N.Y. Feb. 26, 2018) .................................... 2, 6

*Linardos v. Fortuna*, 157 F.3d 945,947 (2d Cir. 1998) ............................................................ 3, 6

*National Artists Management Co. Inc. v. Weaving,* 769 F.Supp1224, 1229 (S.D.N.Y. 1991) ..... 10

*Palazzo v. Corio*, 1999 U.S. Dist. Lexis 24324, *12, 1999 WL 33915986 (E.D.N.Y. 1999) ... 3,12

*Rubin v. Buckman*, 727 F. 2d 71, 72 (3d Cir. 1984) ..................................................................... 2

*St. Paul Fir & Marine, Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) . 3,5

*Sun Printing & Publishing Association v. Edwards,* 194 U.S. 377, 383 (1904) ........................... 9

**Statutes**

28 U.S.C. §1332 ................................................................................................................. 5

**PRELIMINARY STATEMENT**

This instant action must be dismissed for lack of subject matter jurisdiction as the Plaintiffs have failed to establish that on the date of the filing of their Complaint, November 19, 2018 (the "Filing Date"), there existed complete diversity of citizenship between them and the Defendants. Plaintiffs appear to assume that because Vahe Ovasapyan ("Vahe"), a member of the corporate Defendant Mainspring Distribution, LLC ("Mainspring"), often worked in the Pennsylvania offices of Mainspring and maintained an apartment in Pennsylvania for that purpose, he also was domiciled there. He was not. Specifically, residential lease records reflect that while working with Mainspring, Vahe continued to also reside in New York in 2016, 2017, and through 2018. Vahe testified unequivocally that he lived in New York to pursue his career ambition of becoming a Disc Jockey in New York City; and presented an uncontested account that this pursuit continued through the Filing Date, and beyond. At all material times relevant hereto, Vahe had no intent to give up his New York domicile and to make Pennsylvania his permanent home.

While Plaintiffs bear the significant burden of establishing subject matter jurisdiction, they offer the Court little more than conjecture and speculation about Vahe's intent. Their flaw is an evidentiary one. Most critically, Plaintiffs have failed to present *clear and convincing evidence* (as directed by the Court), that Vahe uprooted his life from New York and changed his domicile from this State to Pennsylvania as of the Filing Date. This failure is fatal and the Court, now having given Plaintiffs ample opportunity to establish a basis for jurisdiction, should not forgive it. Having offered no basis for jurisdiction, the Court should dismiss the action.

**RELEVANT PROCEDURAL BACKGROUND**

On November 19, 2018 (the "Filing Date"), Scripts commenced this instant action by the filing of a Complaint. (Dkt. No. 1). On or around January 18, 2019, the Defendants moved to stay

1

the action due to the pendency of a criminal action against the Defendant Edvin Ovasapyan in the United States District Court for Northern District of California (the "Criminal Case"). (Dkt. No. 9). Scripts opposed the motion asserting, among other things, that this case did not overlap with the Criminal Case.¹ (Dkt. No. 10). Finding, *inter alia,* that there is "no reason to stay anything with respect to the corporate defendant [Mainspring] with which defendant [Edvin] Ovasapyan is no longer associated," Magistrate Judge James Orenstein denied the Defendants' motion. (Dkt No. 12). The Defendants filed their answers on January 22, 2019 (Dkt. Nos. 14 & 15).² On May 3, 2019, an amended complaint was filed by Scripts, adding Lieb as a plaintiff. (Dkt. No. 29). On May 16, 2020, the Defendants filed their answers to the amended complaint. (Dkt. Nos. 32 & 33). Throughout this time, and until October 10, 2019 (Dkt. No. 49), the Plaintiffs conducted extensive fact discovery.

On June 19, 2020, this Honorable Court raised, *sua sponte*, the issue as to whether it had subject matter jurisdiction over this action. In connection therewith, the Court directed Mainspring "to file an affidavit attesting to the citizenship of each of its members no later than July 3, 2020." On July 3, 2020, Mainspring, through its managing member, Vahe Ovasapyan, filed an Affidavit in which Vahe swore, *inter alia,* that on November 19, 2018, the date of the filing of this action, he was a citizen of the state of New York. In addition, Vahe stated that the only other member of

---

¹ Plaintiffs now concede at page 5 of their brief in support of subject matter jurisdiction (Dkt. No. 65 (the "Pls. Br.") that there is in fact direct overlap between this instant action and the still pending Criminal Case: "Edvin is also being prosecuted for the criminal scheme at issue in this action…" In the event the Court finds that it has subject matter jurisdiction over this matter, the Defendants will renew their motion for a stay or, in the alternative, request that this case be administratively closed with leave to re-open within 30 days after the conclusion of the Criminal Case, as the Court recently ordered in a related matter titled *Paymentech, LLC et. al. v. Mainspring, et. al.,* Case No.19cv02087.
² Mainspring did not, as Plaintiffs' claim, concede jurisdiction in its initial Answer or in its Amended Answer. In its initial answer Mainspring expressly reserved its objection to the Plaintiffs' jurisdictional allegation on the grounds that it called for a legal conclusion. (Dkt. No. 14, ¶4). Mainspring similarly reserved its objection to the jurisdictional allegation in the Plaintiffs' Amended Complaint and stated only that "as alleged" no plaintiff appears to be a citizen of the same state as any defendant. (Dkt. No. 32, ¶5)  In any event, "subject matter jurisdiction can never be created by estoppel." *Lever v. Lyons*, 2018 U.S. Dist. Lexis 1146, Fn. 9, 16-CV-5130 (E.D.N.Y., Jan. 2, 2018), *adopted by Lever v. Lyons*, 2018 U.S. Dist. Lexis 31700, 16-CV-5130 (E.D.N.Y. Feb. 26, 2018); *citing, Galva Foundry Co. v. Heiden,* 924 F. 2d 729, 731 (7th Cir. 1991) and *Rubin v. Buckman,* 727 F. 2d 71, 72 (3d Cir. 1984).

Mainspring, Ria Philip, was upon information a citizen of Pennsylvania. (Dkt. No. 56 [Redacted Affidavit]). On July 7, 2020, Plaintiffs, claiming that Vahe was a citizen of Pennsylvania at the time this action was filed, requested leave to conduct limited discovery on the issue of subject matter jurisdiction. (Dkt. No. 55). On June 14, 2020, the Court granted the Plaintiffs' request ordering as follows:

> "Plaintiff is a New York corporation. Dkt. Entry No. 29 at 1-2. Vahe Ovasapyan attests that he was one of the members of Defendant Mainspring Distribution LLC, and a resident of New York at the time this action was commenced. Dkt. Entry No. 54 at 4. Plaintiffs claim that Vahe Ovasapyan was a citizen of Pennsylvania when the action was commenced. Dkt. Entry No. 55 at 1-2. "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). For diversity purposes, an individual is "a citizen of the state wherein he or she is domiciled," and domicile requires "(1) physical presence in a state and (2) the intent to make the state a home." Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000). Vahe Ovasapyan's sworn declaration that he resided in New York when this action commenced is prima facie evidence that New York was his domicile. See, Weiner v. Zeneca Pharms. Found., 1999 WL 342247, at *2 (E.D.N.Y. May 14, 1999). Plaintiffs "may rebut this presumption by establishing that he is actually a domiciliary of another state[.]" Id. Plaintiffs' burden is to prove Vahe Ovasapyan's "intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality[.]" New Canaan Capital Mgmt. v. Ozado Partners, LLC, 2017 WL 1157153, at *4 n. 3 (S.D.N.Y. Mar. 25, 2017) (quoting Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)). Plaintiffs must prove these facts by "clear and convincing evidence." Id. Accordingly, this matter is referred to the magistrate judge to oversee limited discovery on the issue of Vahe Ovasapyan's citizenship at the time this action was commenced."

On July 29, 2020, Judge Orenstein set a supplemental jurisdictional discovery cut-off date of October 29, 2020. (Dkt. No.57). On October 15, 2020, at the Plaintiffs' request, Judge Orenstein granted an extension of that deadline to December 31, 2020. On December 23, 2020, again at the Plaintiffs' request, an extension of the jurisdictional discovery deadline was granted by Magistrate Judge Cheryl L. Pollak until January 29, 2021. After the completion of the Plaintiffs' lengthy jurisdictional discovery period, on March 3, 2021, the Court ordered that they file a brief setting

3

forth their arguments in support of the Court's invocation of subject matter jurisdiction based on diversity. The Court ordered the Defendants to respond in kind.

### FACTS RELEVANT TO ISSUE OF DIVERSITY JURISDICTION

On the Filing Date the Plaintiffs were New York Corporations, Defendant Edvin Ovasapyan was not a citizen of the State of New York;[3] and Defendant Mainspring was a Pennsylvania Limited Liability Corporation. On the Filing Date, Mainspring had two members, Vahe Ovasapyan and Ria Phillip. Upon information, on the Filing Date Ria Phillip was a citizen of the state of Pennsylvania. (Dkt. No. 56, ¶8)

On the Filing Date, Vahe Ovasapyan was a citizen of the state of New York where he had been domiciled since 2015 without interruption. (Dkt. No. 56, ¶4); Plfs. Br. Ex. 3, Pg. 57, L21-Pg.58, L18; Plfs. Br. Ex. 4, Pg. 9-15)

In 2018, Vahe Ovasapyan worked for Mainspring at its corporate office in Broomall, Pennsylvania. (Dkt. No. 56, ¶5) He also worked as a disc-jockey in New York City. ( Dkt. No. 56, ¶7; Plfs. Br. Ex. 2, Pg. 77, L12-23; Pg. 81, L2; Pg. 120, L20 – Pg. 121, L4). Vahe rented an apartment in Pennsylvania so that he could ease his daily work commute from New York City to Pennsylvania. (Dkt. No. 56, ¶5) During all material times relevant hereto, Vahe also traveled between New York, where he maintained an apartment (Plfs. Br. Ex. 4, Pg. 9-15), to his workplace in Pennsylvania. (Plfs. Br. Ex. 3, Pg. 60, L16- Pg. 61, L22; Plfs. Br. Ex. 2, Pg. 118, L21 - Pg. 119, L4, Pg. 119, L22 - Pg. 121, L4) On October 29, 2018, Vahe closed on the purchase of a condominium in King of Prussia, Pennsylvania. (Dkt. No. 56, ¶6). He did not move into the condominium until January 2019 and always intended that, as with his Pennsylvania apartment, the condominium would serve to ease his work commute to and from New York City. (Id.) Vahe's

---

[3] In neither their Complaint nor their Amended Complaint do the Plaintiffs appropriately allege Edvin Ovasapyan's citizenship.

wife resided with him in Pennsylvania. (Plfs. Br. Ex. 2, Pg. 57, L5-7) However, Vahe maintained his work as a disc-jockey, his social life, and his social circle in New York City.  (Exhibit A, Exhibit B, Dkt. No. 56, ¶7; Plfs. Br. Ex. 2, Pg. 70, L17-21, Pg. 71 L12-17; Pg. 77, L12-23, Pg. 81, L2; Pg. 120, L20 - Pg. 121, L4).

In 2018, Vahe Ovasapyan gave up his New York Driver's license for a Pennsylvania driver's license. (Plfs. Br. Ex. 3, Pg. 30, L10-18). However, during all material times relevant hereto, he maintained New York State and New York City identification cards. (Dkt. No. 56, Exs. A & D)

Vahe maintained his New York telephone number and visited an eye doctor in New York. (Plfs. Br. Ex. 2, Pg. 19, L4-11; Exhibit C)

Vahe does not recall filing tax returns in 2019 for the 2018 tax year. (Plfs Br. Ex. 2, Pg. 98, L23-25) However, he did file tax returns for the years 2017 and 2019, and the tax returns he filed in 2018 for the 2017 tax year state that Vahe and his wife were "domiciled" in "NY." (Plfs. Br. Ex. 2, Pag. 99, L6-7); Plfs. Br. Ex. 4, Page 70-of 120)

## ARGUMENT

"Diversity is not complete if any plaintiff is a citizen of the of the same state as any defendant." *St. Paul Fire & Marine, Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). For purposes of diversity jurisdiction, a limited liability company, such as Mainspring, has the citizenship of its membership. *Handlesman v. Bedford Village Associates, L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). "The party seeking to invoke jurisdiction under 28 U.S.C. §1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enterprises, Inc. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with

5

competent proof if a party opposing jurisdiction properly challenges those allegations or if the court *sua sponte* raises the question." *Linardos v. Fortuna*, 157 F.3d 945,947 (2d Cir. 1998).

Diversity is measured at the time of the commencement of the lawsuit. *Lever,* 2018 U.S. Dist. Lexis 31700 at *12. "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile. Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Id. [citations omitted]* "A person changes their domicile only when they take up residence in a new domicile and intend to stay. Whether a person intended to stay and thereby change his or her domicile from one state to another is a question of fact, and a party alleging that there has been a change of domicile has the burden of proving the required intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality, and must prove those facts by clear and convincing evidence." *Id.* ay *12-13 *[citations and quotations omitted]*. Where evidence presented is, at best, conflicting, a plaintiff should not be deemed to have provided clear and convincing evidence sufficient to prove a change of domicile. *Id. at *20*; *citing Halbritter v. Stonehedge Acquisition Rome II, LLC,* No. 07-CV-3848, 2008 U.S. Dist. Lexis 26042 at *3 (S.D.N.Y. Apr. 2, 2008) ("Because there is conflicting evidence supporting domicile in New York and Florida, [the plaintiff] has not provided clear and convincing evidence supporting that she changed her domicile from New York to Florida. Thus, her presumptive domicile is New York.").

### I. Vahe Ovasapyan Was A Member of Mainspring on The Filing Date.

The Plaintiffs argue throughout their brief that Vahe was not a member of Mainspring on the Filing Date. They claim that Vahe opportunistically stated that he was a member of Mainspring in response to this Court's June 14, 2020 Order requiring that Mainspring set forth the citizenship of its members. Specifically, at Pls. Br. ([Dkt. No. 65](Dkt. No. 65)) Pg. 4 of 16, they claim that prior to the filing

6

of his July 1, 2020 Affidavit, "Vahe was not represented as being a member nor otherwise involved in this litigation." This statement is frivolous.

Since at least April 26, 2019, Vahe has participated in this case and has represented himself as the managing member of Mainspring. Specifically, on or about April 26, 2019, Mainspring provided the Plaintiffs with responses and objections to their interrogatories. (See, Exhibit D) In response to the first interrogatory Mainspring states that "Vahe Ovasapyan, Mainspring's managing member, participated in writing or compiling responses to these interrogatories…" In response to the third interrogatory, Mainspring states that "Vahe Ovasapyan owns two-thirds of the ownership interest in Mainspring." The interrogatories are verified by Vahe Ovasapyan as "managing member of Defendant Mainspring Distribution, LLC."

In addition, in his July 1, 2020 Affidavit, Vahe swore that he was the managing member of Mainspring on the Filing Date. (Dkt. No. 56, ¶1) Similarly, during his recent deposition he testified that he signed paperwork to become a managing member of Mainspring (Plfs. Br. Ex. 2, Pg. 88, L21-24) and that he had an ownership interest in Mainspring. (Plfs. Br. Ex. 2, Pg. 83, L11-19) Vahe acquired his membership interest in Mainspring in or around August 2018. (Dkt. No. 32, ¶4) Mainspring ceased operations in or around November 2018. (Dkt. No. 56, ¶8)

Plaintiffs surmise that because Vahe's "work, responsibilities, salary, benefits or the like" did not change after he was named managing member of Mainspring, he could not have been a managing member. (Dkt. No. 65, Pg. 8 of 16) However, they cite no law to support their claim that a managing member is required to take on any specific work or responsibilities, or that Vahe was required to receive a change in salary or benefits in exchange for his new title. Moreover, it is

7

reasonable to assume that Vahe did not have a chance to fully embrace his new role since Mainspring ceased operating three months after Vahe became the Company's managing member.[4]

Plaintiffs also surmise that Vahe is somehow motivated to protect his own brother, Edvin, who purportedly purchased a vehicle for him worth $50,000. (Dkt. No. 65, Pg. 9 of 16). However, they provide no proof to support this speculative allegation. Given the foregoing, Vahe should be deemed to have at all relevant times material hereto been a member of Mainspring.

### II. The Plaintiffs Have Failed to Clearly and Convincingly Show That on the Date This Action Was Commenced Vahe's Domicile Had Change From New York to Pennsylvania.

In their brief in support of this Court's exercise of subject matter jurisdiction, the Plaintiffs ignore the July 14, 2020 Order requiring that they prove by "clear and convincing" evidence that on the Filing Date Vahe's domicile had changed from New York to Pennsylvania. Instead, they argue that they have met the less taxing "preponderance of the evidence" standard. In doing this, the Plaintiffs have conceded that they have not met and cannot meet the evidentiary showing necessary to support their claim of diversity jurisdiction. On that basis alone, this case should be dismissed.

Assuming, *arguendo,* that the Plaintiffs had properly articulated their burden of proof, they still fail to clearly and convincingly show that as of the Filing Date Vahe had changed his domicile from New York to Pennsylvania. It is not disputed that Vahe became a citizen of the state of New York when he moved to New York from California in 2015. (Dkt. No. 56, ¶4) The Plaintiffs appear to claim that in 2017, Vahe became a citizen of Pennsylvania. In support of this claim, the Plaintiffs

---

[4] As to Vahe's purported failure to provide "corporate records" substantiating his ownership interest (Dkt. No. 65, Pg. 8 of 16), as the Plaintiffs are aware, the United States Government has seized Mainspring's records, and neither the Defendants nor Vahe have access to them. As such, the records could not be produced by Vahe. Notably, not once during the two-and-a-half-year period that this action has been pending did the Plaintiffs attempt to secure documents from the Government relating to this (or any other) issue.

rely upon the following purported evidence: (i) Vahe worked in Pennsylvania; (ii) Vahe maintained a residence in Pennsylvania; (iii) although Vahe also maintained an apartment in New York, he allegedly kept the apartment secret from his spouse who resided with him in Pennsylvania, (iv) Vahe had a Pennsylvania driver's license; (v) Vahe filed tax returns for the 2017 and 2019 tax years using his Pennsylvania address; (vi) Vahe paid taxes in Pennsylvania, and (vii) Vahe did not produce any voting registration information in response to the Plaintiffs' document request[5]. This evidence, when viewed against the facts which support Vahe's claim of New York citizenship on the Filing Date, does not clearly and convincingly show that Vahe changed his domicile to Pennsylvania.

In order "to effect a change of one's legal domicile, two things are indispensable: First, residence in a new domicile; and second, the intention to remain there...Both are alike necessary. Either without the other is insufficient." *Durst v. Siegler,* 2005 U.S. Dist. Lexis 32017, *12, 2005 WL 3358599, 04-CV- 6981 (RMB) (S.D.N.Y. Dec. 7, 2005); quoting, *Sun Printing & Publishing Association v. Edwards,* 194 U.S. 377, 383 (1904). "A party's domicile is presumed to continue until it is superseded by a new domicile." *Id.*, citing, *Gutierrez v. Fox*, 141 F.3d 425 (2d Cir. 1998). While on the Filing Date, Vahe maintained an apartment in Pennsylvania, the evidence shows that he did not intend to remain there so as to make Pennsylvania his new domicile. In 2016, 2017 and through 2018, Vahe also maintained an apartment in New York City where he pursued his career as a Disc Jockey, while also commuting to Pennsylvania to work for Mainspring. On the Filing date Vahe maintained an apartment in Queens, New York. (Plfs. Br. Ex. 4, Pg. 9-15). He maintained this apartment so as to keep his strong physical and emotion connection to New York

---

[5] In response to the Plaintiffs' request for Vahe's voter registration information, Vahe stated that he had no responsive documents in his possession. The Plaintiffs, whose burden it is to prove the existence of subject matter jurisdiction, did not try to obtain the records from any other source.

City.[6] (Plfs. Br. Ex. 2, Pg. 119, L22 - Pg.121, L4; Plfs. Br. Ex. 3, Pg. 63, L6-22) This alone proves that Vahe did not intend on the Filing Date to change his domicile to Pennsylvania.

On the Filing date, Vahe maintained a job as a Disc-Jockey in New York City. (Dkt. No. 56, ¶7; Plfs. Br. Ex. 2, Pg. 81, L2; Pg. 77, L12-23; Pg. 120, L20 – Pg. 121, L4) He also maintained a social circle in New York and has produced evidence, including photographs and a letter from the Armenian National Committee of New York, confirming this. Exhibit A, Exhibit B, Dkt. No. 56, ¶, Plfs. Br. Ex. 2, Pg. 70, L17-21, Pg. 71, L12-17; Pg. 77, L12-23; Pg. 81, L2; Pg. 120, L20 - Pg. 121, L4) In addition, Vahe continued to visit his eye doctor in New York and maintained his New York telephone number. (Plfs. Br. Ex. 2, Pg. 19, L4-11; Exhibit C)

While Plaintiffs correctly note that Vahe gave up his New York Driver's License in January 2018 and obtained a Pennsylvania driver's license, they fail to point out that Vahe maintained New York State and New York City identification cards. (Dkt. No. 56, Exs. A & D) Additionally, the evidence shows that Vahe drove regularly in Pennsylvania (and not in New York City) where he used Mainspring's company car. (Plfs. Br. Ex. 2, Pg. 118, L10 – Pg. 119, L4) Therefore, it is fair to conclude that Vahe obtained a Pennsylvania driver's license for that reason, and not because he intended to abandon his domicile in New York. *Herzog v. Herzog*, 333 F.Supp.477, 478 (W.D. Pa., 1971) (holding that little weight should be given to the fact that a plaintiff has acquired a driver's license and registration since non-residents undertaking extensive stays in a particular state [there, in New York] are obliged by law to obtain those licenses); *National Artists Management Co. Inc. v. Weaving,* 769 F.Supp1224, 1229 (S.D.N.Y. 1991 (substantial contacts

---

[6] That Vahe's apartment in Queens may have had little furniture is of no moment. Vahe should not be disparaged or judged based upon how he chooses to furnish his apartment or what type of mattress he chooses to sleep on. The point is that Vahe kept an apartment in New York because on the Filing Date he intended for New York to remain as his domicile. The Plaintiffs have not and cannot clearly and convincingly prove otherwise.

with Connecticut, including driver's license and voter registration, not sufficient to establish change of domicile from New York.)

As to Vahe's tax returns, little weight should be given to the fact that Vahe used his Pennsylvania address on his 2017 and 2019 returns and that he did not file tax returns for 2018. The 2019 returns were filed in 2020. At that time Vahe was residing full time in Pennsylvania. The 2017 returns were filed in or around March 2018. While Vahe used his Pennsylvania address to file those returns, the returns state that he and his wife were "domiciled" in "NY." (Plfs. Br. Ex. 4, Pg. 70) In any event, "[o]n the spectrum of kinds of evidence that this Court may consider when determining domicile, tax returns are on the weaker end." *Lever v. Lyons*, 2018 U.S. Dist. Lexis 1146 at *18, *citing*, *Core VCT PLC, v. Hensley,* 89 F.Supp.3d 104, 110 (D.D.C. 2015) (holding that citizenship on taxes is "weak evidence of domiciliary intent"); s*ee also, Durst,* 2005 U.S. Dist. Lexis 32017 (rejecting voter registration, driver's license and tax returns as insufficient evidence of changed domicile) and *Galva Foundry Co. v. Heiden,* 924 F.2d at 730 (finding that defendant was an Illinois domiciliary, even though he "had registered to vote in Florida, had taken out a Florida's driver's license,…and had listed his Florida address as his permanent address on both his federal and Illinois income tax returns" because "he did all these things for tax purposes").

While on the Filing Date, Vahe's wife did not reside with him in his New York City apartment and he testified that she did not know of the apartment, that does not change the fact that on that date, Vahe intended to remain domiciled in New York where he maintained his personal and professional life as a Disc-Jokey. When viewed against the facts set forth above, the residence of Vahe's wife should be given little, if any, weight.

In sum, the evidence shows that on the Filing Date Vahe was domiciled in New York, not Pennsylvania. The Plaintiffs have failed to show otherwise clearly and convincingly. *Halbritter v.*

11

*Stonehedge Acquisition Rome II, LLC,* No. 07-CV-3848, 2008 U.S. Dist. Lexis 26042 at *3; *see also, Bank of India v. Subramanian,* 2007 U.S. Dist. Lexis 35148, *20, 2007 WL 1424668, 06-Civ-2026 (S.D.N.Y. May 15, 2007) (weighing evidence and finding that the "the presumptive domicile prevails where, as here, the record supports two potential domiciles." (citations omitted)); *Palazzo v. Corio*, 1999 U.S. Dist. Lexis 24324, *12, 1999 WL 33915986 (E.D.N.Y. 1999) ("In light of the strong presumption in favor of continuing domicile, and given the heightened standard of proffer that the plaintiffs face, this Court concludes that plaintiffs had not demonstrated by clear and convincing evidence that the defendant had changed his domicile from New York to Pennsylvania."). Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

**III.     An Evidentiary Hearing Should Not be Granted.**

Plaintiffs' request for an evidentiary hearing should be denied. This action has already been pending for two and a half years. The Plaintiffs have had nearly a year to conduct targeted jurisdictional discovery. During this time, they failed to amass sufficient evidence to clearly and convincingly show that Vahe was not domiciled in the state of New York on the Filing Date. Plaintiffs also had their chance to ask meaningful questions to Vahe during his 2-day, several hours, deposition. However, they chose instead to use their time to ask him irrelevant, argumentative, and confusing questions. It is respectfully submitted that an evidentiary hearing would add nothing further to the record and would serve only to continue to waste the resources of this Court.

## **CONCLUSION**

Given the foregoing, it is respectfully requested that this action be dismissed for lack of subject matter jurisdiction.

Dated: May 20, 2021
       Southold, New York

                          CANALES PLLC
                          *Attorneys for the Defendants*

                          By: *Jason Canales*
                              Jason Canales
                          55000 Main Road
                          Southold, New York 11971
                          (T) 212-988-2039
                          (E) jason@canalespllc.com