

*New York City*
125 Park Avenue, 25th FL
New York, New York 10017
(212) 988-2039

*Long Island*
55000 Main Road, #2D
Southold, New York 11971
(631) 765-8252

Jason Canales, Esq.
jason@canalespllc.com

June 28, 2022

VIA ELECTRONIC FILING
Magistrate Judge James R. Cho
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   Scripts Wholesale, Inc., et al. v. Mainspring Distribution LLC, et al.
      Case No.: 18-cv-06612 (DLI) (JRC)

Dear Magistrate Judge Cho:

Pursuant to the Individual Motion Practice and Rules of the Honorable Judge Dora L. Irizarry, Rule III A. 9 and Your Individual Practice Rules, Rule F 2., on behalf of myself and my firm Canales PLLC (the "Firm"), I submit this letter motion respectfully requesting that we be relieved as counsel for the Defendants Mainspring Distribution LLC ("Mainspring") and Edvin Ovasapyan in the above-referenced matter. By way of background, this matter was commenced in or around November 19, 2018. At that time, I was associated with the law firm of Moses & Singer LLP. In or around September 23, 2019, I started a solo law practice, and my Firm was engaged by the Defendants to continue to represent them in this matter. On July 13, 2021, Judge Irizarry dismissed this action with prejudice and the case was closed. On July 22, 2021, the Plaintiffs appealed that decision. On appeal, I was engaged to represent the Defendant Edvin Ovasapyan. I was not authorized or engaged to represent the Defendant Mainspring. On May 17, 2022, the Second Circuit reversed Judge Irizarry's decision dismissing this action and remanded the case for further proceedings. On June 7, 2022, a Mandate was issued by the Second Circuit. On June 9, 2022, Judge Irizarry issued an Order directing the parties to appear before her for a pre-motion conference on July 12, 2022 at 2:30pm. The pre-motion conference is related to the pre-motion letters filed by the parties before the case was dismissed seeking leave to file motions for summary judgment. Discovery is complete in this matter and no trial date has been set.

Through this instant letter motion the Firm and I seek leave to withdraw as counsel for Defendants on the grounds that (i) as to Defendant Mainspring, the company has ceased conducting business and there is no longer a representative of the Company that I can communicate with concerning this matter and (ii) as to both Defendant Mainspring and Defendant Ovasapyan,

my firm has a large outstanding balance which, despite repeated requests remains unpaid. The Firm has also not been engaged by Mainspring or Edvin Ovasapyan to represent them now that this case has been remanded and reopened.

Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 1.4 provides that:

> "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."

"Whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court. Failure to pay legal fees has been found to be a legitimate ground for granting a motion to withdraw by several courts in this Circuit. Courts have also found that a lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal." *Schneider v O'Neill*, 2019 US Dist LEXIS 228762, at *2-3 (EDNY May 28, 2019, No. 17 CV 05416 (KAM) (CLP)) (quotations and citations omitted).

Here, withdrawal as counsel for the Defendants is sought because of the Defendants' inability and failure to communicate and cooperate with the Firm, and their failure to pay outstanding legal fees (more than $25,000) despite repeated demands to do so. First, as to Defendant Mainspring, the Company ceased conducting business in November 2018. While Mainspring had a representative who was available and authorized to communicate with the Firm concerning decisions related to this matter prior to the dismissal of the action in July 2021, since then there is no longer a representative of the Company available to communicate with counsel. Indeed, the Firm was neither authorized to represent nor did it represent Mainspring in connection with the Plaintiffs' appeal. *Blue Angel Films, Ltd. v First Look Studios, Inc.*, 2011 US Dist LEXIS 16674, at *4 (SDNY Feb. 17, 2011) (Finding satisfactory grounds to permit withdrawal where defendant went out of business and there were no employees left with whom to communicate, and the defendant had failed to pay legal fees.); *Fischer v. Biman Bangladesh Airlines*, 1997 US Dist LEXIS 10405, at *3 (SDNY July 16, 1997, 96 Civ. 3120 (SHS) (AJP)) ("The courts [] have ruled that lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

As with Defendant Mainspring, Edvin Ovasapyan has also failed, despite repeated requests, to pay his outstanding legal fees. The fees owed to the Firm exceed $25,000 and have been outstanding for close to one year. In addition, Mr. Ovasapyan has indicated that he does not have the ability to pay the Firm for its services moving forward. Given the foregoing, it would be unduly burdensome for the Firm, a solo law practice, to have to continue to represent Mr. Ovasapyan and Mainspring in this action. *Melnick v Press*, 2009 US Dist LEXIS 77609, at *9-10 (EDNY Aug. 28, 2009, No. 06-CV-6686 (JFB) (ARL))(Granting motion to withdraw as counsel since "it is well-settled in the Eastern and Southern Districts of New York that non-payment of

legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Oscar de la Renta, Ltd. v Strelitz, Ltd.*, 1993 US Dist LEXIS 7572, at *2 (SDNY June 7, 1993, 92 Civ. 3907(CES)) ("Counsel may withdraw if his or her client fails to pay legal fees of if the client fails to communicate or cooperate with their attorney.") Further, this action was previously dismissed with prejudice and has only recently been remanded for further proceedings. Since the dismissal, neither Edvin nor Mainspring have engaged the Firm to represent them further in this case. The Firm will not be asserting a retaining lien on the Defendants' file. I will also be sending a copy of this letter motion to the Defendant Edvin Ovasapyan.

      Plaintiffs' counsel has informed me that the Plaintiffs do not object to the Firm's request to be relieved as counsel in this matter.

      Given the foregoing, it is respectfully requested that Canales PLLC and Jason Canales be granted leave to withdraw as counsel for the Defendants Mainspring Distribution LLC and Edvin Ovasapyan. Thank you for your time and consideration.

    Respectfully submitted,

    *Jason Canales*

    Jason Canales